SAUSA: Tuomey USAO 2020R00481

✓ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

12:24 pm, Apr 08 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM TAVON FOSTER | Case No. 1:20-mj-2624 TMD |

**AFFIDAVIT IN SUPPORT OF
APPLICATION FOR A SEARCH WARRANT**

I, Jennifer Bedford, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

**INTRODUCTION**

1. The ATF and Baltimore Police Department ("BPD") have been investigating Tavon FOSTER for a violation of 18 U.S.C. §§ 922(g) (possession of a firearm by a prohibited person). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of Deoxyribonucleic Acid ("DNA") for comparison purposes in the form of saliva from Tavon FOSTER, a man born in 1987, assigned a Social Security account number ending in 6416, and assigned an FBI number ending in 8JC9. A photograph of FOSTER is attached as Attachment A to this affidavit. FOSTER is currently being held at the Metropolitan Transition Center, 954 Forrest Street, Baltimore, Maryland. The applied-for warrant would authorize members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above-described investigation, to obtain DNA contained within saliva samples from FOSTER, as described in Attachment B.

2. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation to date. Rather, I have set forth only those facts that I believe are necessary to

establish probable cause supporting the warrant. I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3. I believe that probable cause exists that FOSTER possessed a firearm in violation of 18 U.S.C. § 922(g) on June 11, 2020. The firearm at issue, one Charter Arms, Off Duty .38 Special revolver, bearing serial number 1071297, was swabbed by BPD for DNA and the swabs retained. Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of FOSTER.

## AFFIANT BACKGROUND

4. I have been a Special Agent with the ATF since March 2019. I am currently assigned to the Baltimore Field Division, Baltimore Group II, which investigates violations of federal firearms laws, violent crimes, and armed narcotics trafficking. I attended and graduated from the Department of Homeland Security, Federal Law Enforcement Training Center Criminal Investigator Training Program, as well as the ATF National Academy Special Agent Basic Training Program, where I received training in the enforcement of federal firearms, arson, explosives, and narcotics laws. I have received specialized training regarding, and have personally participated in, various types of investigative activities, including, but not limited to: (a) the execution of search warrants; (b) the consensual monitoring and recording of conversations; and (c) the handling and maintenance of evidence.

5. As an ATF Special Agent, I have participated in numerous investigations focusing on illegal firearms, controlled dangerous substance ("CDS") trafficking, and gangs. I have conducted covert surveillance of suspected CDS and firearms traffickers; interviewed numerous individuals involved in gangs and the CDS trafficking trade; participated in the execution of

numerous state and federal search warrants and arrest warrants; and participated in the seizure of numerous firearms and CDS.

6.  I am familiar with firearm and narcotic statutes, and the methods employed by those who violate these laws. I have been the affiant on search warrants and made numerous arrests in the course of my career for firearm violations and other violent crimes. I know, based on my training and experience that DNA can be found on items such as clothing and firearms, and can be compared to a sample of DNA from a known person. This comparison can help identify or eliminate suspects. I further know that the Baltimore City Forensics Biology Unit will not test firearms for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

## PROBABLE CAUSE

7.  On June 11, 2020, BPD Detectives conducted a traffic stop on a Honda Odyssey for failing to use a turn signal and driving the wrong way on a one-way street.

8.  During the traffic stop Detectives smelled a strong odor of marijuana coming from inside the vehicle. The driver of the vehicle told Detectives that he, and the two passengers, had smoked marijuana in the vehicle a while ago. The Detectives asked everyone to exit the vehicle so they could conduct a search.

9.  Detectives opened the passenger doors to allow the occupants to get out of the vehicle. FOSTER was the only passenger in the rear of the vehicle. When FOSTER got out of the vehicle, there was a firearm in the seat where he was sitting. Detectives recovered the firearm, which they identified as a Charter Arms, Off Duty .38 Special revolver, bearing serial number 1071297. The firearm was loaded with five cartridges of .38 Special ammunition.

10. All recovered evidence, including the firearm, was submitted to the Evidence

Control Unit of BPD.

11.     In 2006, FOSTER was convicted of attempted first-degree murder in the Circuit Court for Baltimore City, and sentenced to 20 years. The Court suspended all but five years of incarceration. He is therefore prohibited from possessing a firearm and should know that he was convicted of a crime that carried a sentence of over a year of incarceration.

12.     The firearm was test-fired at the BPD Firearms lab and expelled a projectile, qualifying as a firearm under 18 U.S.C. § 921(a)(3). The firearm was not manufactured in Maryland and subsequently recovered during FOSTER's arrest in Maryland, and therefore affected interstate commerce.

13.     The BPD lab swabbed the firearm for the possible presence of epithelial cells. The swabs cannot be forwarded for DNA analysis until a standard for a suspect is obtained and a comparison is requested.

## DNA AUTHORIZATION REQUEST

14.     Based on my training and experience, I believe that FOSTER's DNA will be on the firearm recovered during his arrest. A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes in the form of saliva from FOSTER to compare to the swabs taken from the firearm that I believe was possessed by FOSTER in violation of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person).

15.     Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents, to obtain DNA samples from FOSTER so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Jennifer Bedford
Special Agent, ATF


Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __15__ day of October, 2020

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

1:20-mj-2624 TMD

# ATTACHMENT A

**Photograph of Person to be Searched**

Tavon FOSTER
YOB: 1987
Social Security number ending in 6416
FBI number ending in 8JC9
Currently residing at: Metropolitan Transition Center, 954 Forrest Street, Baltimore, Maryland



1:20-mj-2624 TMD

## ATTACHMENT B

### Description of Items to be Seized

Buccal (oral) swabs of the inside of FOSTER's mouth limited to the extent where sufficient samples of DNA are obtained.